■ In the Matter of RICHARD WASHINGTON, Appellant, v NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION, Respondent. [600 NYS2d 800] —Weiss, P. J. Appeal from a judgment of the Supreme Court (Williams, J.), entered March 26, 1992 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner ineligible for financial aid.

Petitioner is an inmate of the State correctional system who

sought State financial assistance to enable him to continue taking courses in higher education. His application was denied because he was in default on earlier financial assistance loans. Upon further inquiry, petitioner was informed that his "eligibility * * * may be restored after monthly installments in the sum of $50 have been received for a period of six months prior to the date of your application". In September 1990 petitioner commenced monthly payments of $50 which continued for six months, ending in February 1991, but further financial assistance was denied because petitioner failed to continue the $50 payments through to the time his present application for financial aid was submitted.

Petitioner commenced this CPLR article 78 proceeding seeking relief from the continuing payment requirement. Supreme Court dismissed the petition, finding that petitioner failed to comply with the promulgated regulations and that respondent's determination was neither arbitrary nor capricious. We agree.

Education Law § 661 (6) (c) (1) (ii) provides that a student in default on a prior award may be considered for a further guaranteed loan only if satisfactory payments on the prior loan have been made for the period of six months prior to the application. Petitioner's interpretation of respondent's letters that his eligibility would be restored upon six consecutive payments despite a subsequent default gap prior to his application is unwarranted.

We also reject petitioner's suggestion that respondent's correspondence constitutes a contract offer which he accepted to create a binding agreement. The letters clearly refer to statutory conditions precedent to eligibility and make no offer and, furthermore, petitioner failed to comply with the required statutory criteria.

Levine, Crew III, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.